## McFADDEN v. PAULSON et al.

No. 13679—Opinion Filed April 15, 1924.

### 1. Trial—Demurrer to Evidence—Effect.

It is a well-settled rule that a demurrer to the evidence admits all the facts which the evidence tends to prove or of which there is any evidence, however slight, and all inferences which can be logically and reasonbly drawn from the evidence.

### 2. Trial—Direction of Verdict — When Proper.

Court may direct verdict where facts undisputed or of such conclusive character that court in sound judicial discretion would be compelled to set aside verdict returned in opposition to it.

### 3. Appeal and Error—Review—Questions of Fact—Verdict.

In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

### 4. Contracts—Oil and Gas — Construction of Instruments Together.

Where an oil and gas lease is executed and a contemporaneous written agreement is entered into concerning said lease and the lease placed in escrow to become effective and to be delivered upon the happening of an event, set out in said contract, both must be construed together, as both relate to the same subject-matter.

(Syllabus by Thompson, C.)

Commissioners' Opinion. Division No. 5.

Error from District Court, Kay County: J. W. Bird, Judge.

Action by Christian Paulson and Emma L. Paulson against W. H. McFadden for the recovery of $5,000, and interest and costs Judgment for plaintiffs. Defendant brings error. Affirmed.

W. K. Moore, for plaintiff in error.

G. A. Chappell, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Kay county, Okla., by Christian Paulson and Emma L. Paulson, defendants in error, plaintiffs below, against W. H. McFadden, plaintiff in error, defendant below, for the recovery of $5,000, and interest at six per cent. from the 25th day of August, 1920, and costs.

The parties will be referred to as plaintiffs and defendant as they appeared in the lower court.

The petition, in substance, alleges that the plaintiffs were owners in fee of the southwest quarter of section 10, township 27 north, range 3 east; that on the 30th day of November, 1917, they entered into a contract in writing with the defendant, where-

by they leased for oil and gas purposes the land, above described, for a term of two years, beginning at a time when a certain oil and gas lease, executed by the plaintiffs to the Craig Oil Company, under date of September 22, 1915, was released and canceled either by action in court or release procured from the parties claiming under said Craig Company lease, the written agreement being as follows:

• "This agreement, made and entered into this 30th day of November A. D. 1917, by and between Christian Paulson and Emma L. Paulson, of Kildare, Okla., parties of the first part and W. H. McFadden, of Ponca City, Okla., party of the second part.

"Witnesseth: That for and in consideragood and valuable consideration and the covtion of the sum of one dollar, in hand paid enants and agreements hereinafter set forth, the parties of the first part agree to and with the party of the second part that they will grant to the second party, his heirs, executors, administrators and assigns an extension of the oil and gas lease this day executed by the said parties of the first part to the party of the second part, on the southwest quarter of section 10, twp. 27, N., range 3 E. for two years from the time the lease dated the 22nd day of September, 1915, to the Craig Oil Company, is released and the title cleared from said last mentioned lease, on the southwest quarter of section ten, township twenty-seven, north, range 3 east of the Indian Meridian, Kay county, Okla., whether said lease is canceled by an action of court or release procured therefor from the party or parties claiming a lease on said above described land.

"It is further agreed that the lease on the above described land this day executed by the first parties to the second party shall be placed in escrow in the Kildare State Bank of Kildare, Okla., and that said bank shall deliver the same to the second party when the lease claimed by the Craig Oil Company is released or cancelled or set aside and the title to said land cleared therefrom.

"In witness whereof the parties hereto have hereunto set their hands the day and year first above written.

"(Signed) Christian Paulson,
"Emma L. Paulson,
"First Parties.
"W. H. McFadden,
"Second Party."

The contract was duly acknowledged by the parties before a notary public. A copy of the lease was attached to the petition, which is a regular form of lease, for the period of two years from the 30th day of November, 1917, with a stipulation therein that if no well were commenced on or before the 30th day of November, 1918, that the lease should terminate as to both parties, unless the lessee should make certain payments to the lessors, which payments should defer the commencement of a well for 12 months thereafter; that at the same time and place the defendant drew his check for the sum of $5,000 as a consideration for said lease. All papers were deposited in escrow in the Kildare State Bank, at Kildare, Okla., the check to be turned over to the plaintiff and the lease to be turned over to the defendant, when the Craig Company's oil and gas lease was canceled by suit or a release obtained from those claiming under said lease; that suit was instituted to set aside said Craig oil and gas lease, in the district court of Kay county, immediately, in the names of the plaintiffs, which cause was tried and appealed to the Supreme Court of the state of Oklahoma; that during the months of May and June, 1920, the plaintiffs secured the releases of all the claimants, under the Craig oil and gas lease, and recorded said releases on the 16th day of August, 1920, in the office of the county clerk of Kay county, Okla.; that the lands were thereafter free and clear of the lease known as the Craig lease, referred to in the written contract; that plaintiffs had done and performed all that they were required to under the terms of said contract; that some time in August, 1920, the Kildare State Bank, with whom the check and papers had been deposited, forwarded to the defendant the oil and gas lease and all releases, and surrendered and delivered to the plaintiffs the check for $5,000, which was cashed by the Kildare State Bank and sent through clearance to the Security State Bank, at Ponca City, for collection, and the defendant stopped payment upon said check and caused the same to be protested; that plaintiffs offered in open court to the defendant the oil and gas lease, that was placed in escrow in the Kildare State Bank, the releases of the said Craig lease, and tendered and offered to the defendant an extension of two years, in writing, if the court so ordered, of the lease, made to the defendant, under date of November 30, 1917; that the defendant had breached his contract by failing, neglecting, and refusing to pay his $5,000 as contracted, and prayed judgment in the sum of $5,000, with interest at six per cent. from the 25th day of August, 1920, and for costs. A copy of the check is set out in the petition.

The defendant answered by way of general denial and further alleged that when the said lease was executed and deposited in the Kildare State Bank, said land was considered valuable for mineral purposes, oil and gas having been discovered in large quantities in that vicinity about that date; that plaintiffs were not able to give the defendant possession of said land on account of a prior lease thereon to other parties and that the prior lessees, after that date, drilled a dry hole on said land and proved that said land was not productive of oil or gas, and that the lease for oil and gas purposes was worthless and of no value whatever, and that this fact was ascertained at a date long before the plaintiffs cleared the same from the prior lease and long before the lease was delivered to defendant by the Kildare State Bank, which delivery was made nine months after it had expired by its own terms, it having been a two year lease, dated November 30, 1917, expiring on the 30th day of November, 1919, and pleaded failure of consideration and that said lease conveyed no right or interest for oil and gas mining purposes in said land.

The defendant further answered, alleging that by the terms of the contract plaintiffs agreed to execute an extension cf the lease, made on November 30, 1917, or for a new lease on said land for a period of two years from the date the Craig Oil Company's lease was released and disposed of, and pleaded breach of contract, in that plaintiffs did not tender to defendant a valid oil and gas mining lease on the land, above described, before the commencement of this action, or at any time since said date; that plaintiffs were attempting to collect $5,000 from the defendant on the check set out in plaintiffs' petition and give the defendant nothing in return therefor, and prayed that plaintiffs take nothing and that he have judgment for his costs.

Plaintiffs replied by way of general denial and alleged that under the contract the lease was extended for two years from the time they procured the release of the Craig Oil Company lease by the written contract; that the defendant knew the condition of the Craig lease and through his attorney of record, W. K. Moore, instituted suit in the district court of Kay county, Okla., in the name of the plaintiffs, for the purpose of cancelling said lease; that they, through defendant's attorney, W. K. Moore, procured said release of the Craig oil and gas lease; and that defendant had full knowledge of all the conditions and circumstances pertaining to said Craig lease and said lawsuit, and also the condition that prevailed on the said 30th day of November, 1917, at the time the said oil and gas lease was made, and prayed judgment.

The cause was tried to a jury and resulted in a verdict in favor of the plaintiffs and against the defendant, in the sum of $5,-395.83, and the court pronounced judgment in favor of the plaintiffs and against the defendant on the verdict of the jury.

Motion for new trial was duly filed and overruled and exceptions reserved.

From the above judgment the defendant appeals to this court for review.

The attorney for defendant sets out seven assignments of error; the first, second, third and fourth being argued under the one head that the court committed errors of law in overruling motion for new trial, demurrer to the petition, demurrer to the evidence of plaintiffs and motion to direct a verdict in favor of the defendant; the fifth, that the court erred in failing to give a certain instruction, requested by the defendant, which instruction is fully set out; sixth, that the court erred in giving a certain instruction, which is fully set out; seventh, that the court erred in admitting evidence, offered by the plaintiffs, over the objection of defendant, which evidence is not set out in said assignment.

The evidence in the case consists of both documentary and oral testimony, Christian Paulson having testified for the plaintiffs and J. B. Hinkle for the defendant. The documentary testimony, introduced by the plaintiffs, consists of the oil and gas lease of the date of November 30, 1917, on general form No. 88, and corresponds to the allegations of the petition, which lease is signed by the plaintiffs and by the defendant, W. H. McFadden, by W. K. Moore, agent; the written contract, made contemporaneously with the lease, signed by the plaintiffs and defendant and properly acknowledged by the plaintiffs before a notary public; notice of protest of check, dated August 25, 1920 said check for $5,000 having been drawn by W. H. McFadden, in favor of Christian Paulson, dated November 30, 1917; memorandum of the cashier, over the objection of the defendant, showing that on the 30th day of November, 1917, that there was deposited in escrow in the Kildare State Bank the lease and check, above mentioned, with the annotation that the bank was instructed upon the cancellation of an oil and gas lease to the Craig Oil Company,

that the check for $5,000 was to be turned over to Christian Paulson and the oil and gas lease to be delivered to W. H. McFadden, or his attorney; releases of the Craig Oil Company's oil and gas lease, duly acknowledged; petition to cancel the Craig Oil Company lease, which had been filed in the district court of Kay county, by W. K. Moore and L. A. Maris, attorneys for Christian Paulson and Emma L. Paulson, together with a copy of the lease, dated September 22, 1915, executed by the plaintiffs herein to the Craig Oil Company.

The oral testimony of Christian Paulson is, in effect, that he was the owner of the lands, conveyed by the lease, and that the contract and lease had been executed by himself and wife to the defendant, through W. K. Moore, as agent for defendant, and that the papers had been deposited in escrow in the bank, under the contract, and that a memorandum of the cashier was his receipt for said papers so deposited; that the lease to the Craig Oil Company, dated September 22, 1915, was outstanding at the time the contract and lease to defendant and the check was drawn, and that W. K. Moore, attorney and agent of defendant, agreed to take the lease, executed to defendant, and pay $5,000 therefor, and said agent was to institute, in the name of plaintiffs, a suit to cancel and set aside the Craig Company lease, which was done; that he secured and placed them of record in Kay county and dismissed the appeal in the Supreme Court, and presented them to the Kildare State Bank and demanded the check, which the Kildare State Bank turned over to him and sent the defendant the lease and the releases from the Craig Company lease; that defendant refused to pay the check and the same went to protest; that the only money he ever received for the lease was $525 paid to him at the time of the execution of the contract; that he had never received any payment upon the $5,000 check; that he had always stood ready to carry out the contract and that he stood ready to comply with any order that the court might make in regard to an execution of a new lease, or an extension of the old one, if the court found it to be necessary, and on cross-examination he testified that he had never executed a new lease or an extension; that no rental had ever been paid to him upon the lease to the defendant; that it was his understanding that the written agreement extended the lease, executed to the defendant.

The testimony, on part of the defendant,

was given by J. B. Hinkle, who testified that on the 30th of November, 1917, the date of the contract and lease, given by plaintiffs to the defendant, there was a well on the section south of the lands covered by the lease, making about four or five hundred barrels per day; that after this contract and lease were made, the Craig Oil Company drilled a dry hole upon the lands, covered by this lease, and rendered the said land worthless as an oil and gas proposition; that at the time of the contract the reasonable value of the lands for an oil and gas prospect was about $10,000, but that on the date the releases, obtained by the plaintiffs, were recorded the lease on this land was not worth anything.

This is all the material testimony in the case and the attorney for defendant contends that the court erred in not sustaining his demurrer to this evidence and in not directing a verdict in favor of the defendant. The rules to be applied to the question raised here are, as held in the case of Sartain v. Walker et al., 60 Okla. 258 159 Pac. 1096, that:

"It is a well-settled rule that a demurrer to the evidence admits all the facts which the evidence tends to prove or of which there is any evidence, however slight, and all inferences which can be logically and reasonably drawn from the evidence.

"Court may direct verdict where facts undisputed or of such conclusive character that court in sound judicial discretion would be compelled to set aside verdicts returned in opposition to it."

And to the same effect are the cases of Lyons v. Lyons, 39 Okla. 111, 134 Pac. 650; Anthony v. Bliss, 39 Okla. 237, 134 Pac. 1122; Carter Oil Co. v. Independent Torpedo Co., No. 14760, decided February 12, 1924, pending on rehearing.

Applying these rules to the evidence in the instant case we are forced to conclude that the facts were sufficient in this case to justify the court in submitting it to the jury as it was a question of fact to be determined by the jury where, as in this case, a written contract and an oil and gas lease were executed at the same time and are contemporaneous in point of time, both must necessarily be construed together as both relate to the same subject-matter, which, together with the check for the amount of the consideration, were placed in escrow in the Kildare State Bank, under the terms of the contract, and by the very terms of the contract the lease was not to take effect until after the Craig Oil Company lease had been

released, either by judgment of court or by releases procured from the parties, claiming under said lease, and under said contract the plaintiffs, in effect, granted to the defendant an extension of two years of said lease from the date said releases were obtained, which the record shows was on the 16th day of August, 1920, the date same were recorded upon the records of Kay county, and this is the only reasonable or logical conclusion to be reached from the interpretation of said contract and lease taken together.

Attorney for defendant contends that the plaintiffs should have executed an independent lease or extension to the defendant and tendered the same to him before demanding payment upon the $5,000 check. To this contention we cannot agree for the reasons assigned above, for to sustain such a contention would not be in harmony with the proper construction of said contract and lease, and would not carry into effect the purposes and intentions of the parties at the time of the execution of said contract and lease. If anything were lacking on this proposition, the plaintiffs in their petition and in their evidence offer and tender to the defendant an extension of two years, if the trial court found it necessary for them to do so, or, if the old lease and contract were not satisfactory to the defendant, they would execute a new lease and thereby offered to do equity, which, in our opinion, was all that could be required, under the law and the facts in this case, before the plaintiffs were entitled to the consideration for which said lease and contract were given. The argument of counsel for defendant that the property had decreased in value as an oil and gas proposition and had become comparatively worthless between the dates of the execution of the contract and lease and the securing and recording of the releases of the Craig Oil Company lease cannot have much probative effect in the decision of this case, for defendant knew, at the time the contract was entered into, that there was an existing lease upon the land. His attorney had the lease, itself, and knew all the facts in connection therewith and, under the contract, took the responsibiity of instituting a suit in the district court of Kay county to cancel said lease in the name of the plaintiffs and prosecuted said suit up to the time that the releases were procured and the appeal in said case dismissed. The evidence of the defendant's own witness shows that at the time of the making of the contract and lease that the land was worth, as an oil and gas proposition, about $10,-000, or double the amount that the defendant was paying as consideration therefor, and, in our view of the case, the defendant took his chances and made his contract and should be compelled to live up to it and pay the plaintiffs the half of what said land was actually worth at the time he entered into this obligation. The authorities cited by counsel for defendant upon this proposition are not in point, for, in the case cited by him, there had been no deed or evidence of title executed and none tendered, but, as heretofore stated in this opinion, there was a good and valid written contract, duly acknowledged, and a lease already in the possession of the defendant, which, construed together, conveyed to him all the oil and gas rights within said land from the date that the Craig Oil Company lease became inoperative for a period of two years thereafter, and, in our opinion, any court would have compelled the plaintiffs to yield to defendant the oil and gas rights, under said lease and contract. for two years from August 16, 1920.

It is further contended that the failure of defendant to pay rentals on the 30th of November, 1918 in effect, canceled said leases. To this contention we cannot agree, because, under the very terms of the written contract, the lease was not to become effective until the cancellation or release of the Craig Oil Company lease and no rentals were due.

The further contention that the time when the extension should be made was too indefinite is not tenable for the reason that the contract, itself, fixed the time to become effective when the Craig Oil Company lease became inoperative, and this date was made certain by the plaintiffs securing releases from said lease and recording the same on the 16th day of August, 1920.

We have carefully examined the instruction given to the jury by the court, of which attorney for defendant complains, and we are clearly of the opinion that this instruction was fully justified, under the proven facts in this case and under the terms of the contract and lease, construed together, and said instruction is the only instruction that the court could have given on this phase of the case, and, in our view of the construction of said contract and lease, taken together, the court would have been justified in finding either that it was not necessary to execute a separate extension or in making an order on plaintiffs to execute an extension as tendered by them, or offered to be done, in their petition.

We have carefully examined the instruction, offered by defendant and refused by the court, which, in effect, under the evidence in the case, would have been to instruct the jury to return a verdict for the defendant, and, as heretofore held in this opinion, such an instruction was not justified under the evidence in the case.

The attorney for defendant further contends that the admission of the receipt given by the bank, the escrow holder, to plaintiffs was error. We think this receipt was admissible for, by the terms of the contract, the lease was to be placed in the Kildare State Bank in escrow to be delivered to the defendant, and under all the evidence the check for $5,000 was to be paid when the Craig Oil Company lease became inoperative and the land cleared, and it may be inferred from the testimony that these papers were to be placed in the bank until the happening of said event.

Upon the whole record, we are of the opinion that there was sufficient evidence which reasonably tended to support the verdict of the jury, and that its verdict is reasonably supported by the evidence, and that there were no errors of law committed by the court in the trial of the case or in its instructions to the jury, and we cannot say that there was any reversible error committed in the trial of this case sufficient to warrant us in setting aside the verdict of the jury and the solemn judgment of the court and we are, therefore, of the opinion that said judgment is correct and should be and is hereby affirmed.

By the Court: It is so ordered.